KAREN P. HEWITT
United States Attorney
WILLIAM A. HALL, JR.
Assistant U.S. Attorney
California State Bar No. 253403
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7046/(619) 235-2757 (Fax)
Email: william.a.hall@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>FRANKLIN ANTONIO FIGUEROA-MONTES,<br><br>    Defendant(s). | Criminal Case No. 08CR1002-L<br><br>DATE:    May 19, 2008<br>TIME:    2:00 p.m.<br>Before Honorable M. James Lorenz<br><br>UNITED STATES' STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |

**I**

**STATEMENT OF THE CASE**

The Defendant, Franklin Antonio Figueroa-Montes (hereinafter "Defendant"), was charged by a grand jury on April 2, 2008, with violating 8 U.S.C. § 1326, deported alien found in the United States. Defendant was arraigned on the Indictment on April 11, 2007, and entered a plea of not guilty.

**II**

**STATEMENT OF FACTS**

Defendant was contacted on January 28, 2008, approximately 1:55 p.m. by United States Border Patrol Agents ("BPAs") in the 3500 block of Central Avenue in San Diego, California.

3

1  There, Defendant admitted that he was a citizen of Honduras with no documents entitling him to
2  enter or remain in the United States.
3        Defendant was placed under arrest and transported to the Chula Vista, California Border
4  Patrol Station's processing center.  At the center, BPAs used Defendant's fingerprints to perform
5  a computerized check of Defendant's criminal and immigration history.

6  **B.**     **DEFENDANT'S CRIMINAL AND IMMIGRATION HISTORY**

7        Preliminary criminal history reports show that Defendant has at least two felony
8  convictions in California.  In 2003, Defendant was convicted in San Diego of Assault with a
9  Deadly Weapon, in violation of Cal. PC § 245(a)(1); he was sentenced to 313 days incarceration
10 (time served), with three years probation.  In 2004, Defendant was convicted in San Diego of
11 Robbery, in violation of Cal. PC § 211; he was sentenced to 365 days incarceration, with three
12 years probation.  In 2005, he violated his probation in both cases and was sentenced to 4 years
13 incarceration.
14       Defendant's was last removed to Mexico on April 26, 2007.

**III**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.**     **DISCOVERY REQUESTS AND MOTION TO PRESERVE EVIDENCE**

     **1.**     **The Government Has or Will Disclose Information Subject To Disclosure Under Rule 16(a)(1)(A) and (B) Of The Federal Rules Of Criminal Procedure**

20       The government has disclosed, or will disclose well in advance of trial, any statements
21 subject to discovery under Fed. R. Crim. P. 16(a)(1)(A) (substance of Defendant's oral statements
22 *in response to government interrogation*) and 16(a)(1)(B) (Defendant's relevant written or
23 recorded statements, written records containing substance of Defendant's oral statements *in*
24 *response to government interrogation*, and Defendant's grand jury testimony).
25 //
26 //
27
28                                                                            4                         08CR1002-L

      a.    <u>The Government Will Comply With Rule 16(a)(1)(D)</u>

Defendant has already been provided with his or her own "rap" sheet and the government will produce any additional information it uncovers regarding Defendant's criminal record. Any subsequent or prior similar acts of Defendant that the government intends to introduce under Rule 404(b) of the Federal Rules of Evidence will be provided, along with any accompanying reports, at a reasonable time in advance of trial.

      b.    <u>The Government Will Comply With Rule 16(a)(1)(E)</u>

The government will permit Defendant to inspect and copy or photograph all books, papers, documents, data, photographs, tangible objects, buildings or places, or portions thereof, that are material to the preparation of Defendant's defense or are intended for use by the government as evidence-in-chief at trial or were obtained from or belong to Defendant.

Reasonable efforts will be made to preserve relevant physical evidence which is in the custody and control of the investigating agency and the prosecution, with the following exceptions: drug evidence, with the exception of a representative sample, is routinely destroyed after 60 days, and vehicles are routinely and periodically sold at auction. Records of radio transmissions, if they existed, are frequently kept for only a short period of time and may no longer be available. Counsel should contact the Assistant United States Attorney assigned to the case two weeks before the scheduled trial date and the Assistant will make arrangements with the case agent for counsel to view all evidence within the government's possession.

      c.    <u>The Government Will Comply With Rule 16(a)(1)(F)</u>

The government will permit Defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, that are within the possession of the government, and by the exercise of due diligence may become known to the attorney for the government and are material to the preparation of the defense or are intended for use by the government as evidence-in-chief at the trial. Counsel for Defendant should contact the Assistant United States Attorney assigned to the case and the Assistant will make

5          08CR1002-L

1  arrangements with the case agent for counsel to view all evidence within the government's
2  possession.

          d.      The Government Will Comply With Its Obligations Under <u>Brady v. Maryland</u>

The government is well aware of and will fully perform its duty under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976), to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. Defendant, however, is not entitled to all evidence known or believed to exist that is, or may be, favorable to the accused, or that pertains to the credibility of the government's case. As stated in <u>United States v. Gardner</u>, 611 F.2d 770 (9th Cir. 1980), it must be noted that:

> [T]he prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality.

611 F.2d at 774-775 (citations omitted). <u>See</u> also <u>United States v. Sukumolachan</u>, 610 F.2d 685, 687 (9th Cir. 1980) (the government is not required to create exculpatory material that does not exist); <u>United States v. Flores</u>, 540 F.2d 432, 438 (9th Cir. 1976) (<u>Brady</u> does not create any pretrial privileges not contained in the Federal Rules of Criminal Procedure).

          e.      Discovery Regarding Government Witnesses

          (1)      <u>Agreements.</u> The government has disclosed or will disclose the terms of any agreements by Government agents, employees, or attorneys with witnesses that testify at trial. Such information will be provided at or before the time of the filing of the Government's trial memorandum.[1] The government will comply with its obligations to disclose impeachment evidence under <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

---

[1] As with all other offers by the government to produce discovery earlier than it is required to do, the offer is made without prejudice. If, as trial approaches, the government is not prepared to make early discovery production, or if there is a strategic reason not to do so as to certain discovery, the government reserves the right to withhold the requested material until the time it is required to be produced pursuant to discovery laws and rules.

          6          08CR1002-L

1    (2)  **Bias or Prejudice.** The government has provided or will provide information related to the bias, prejudice or other motivation to lie of government trial witnesses as required in Napue v. Illinois, 360 U.S. 264 (1959).

(3)  **Criminal Convictions.** The government has produced or will produce any criminal convictions of government witnesses plus any *material* criminal acts which did not result in conviction. The government is not aware that any prospective witness is under criminal investigation.

(4)  **Ability to Perceive.** The government has produced or will produce any evidence that the ability of a government trial witness to perceive, communicate or tell the truth is impaired or that such witnesses have ever used narcotics or other controlled substances, or are alcoholics.

(5)  **Witness List.** The government will endeavor to provide Defendant with a list of all witnesses which it intends to call in its case-in-chief at the time the government's trial memorandum is filed, although delivery of such a list is not required. See United States v. Dischner, 960 F.2d 870 (9th Cir. 1992); United States v. Culter, 806 F.2d 933, 936 (9th Cir. 1986); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987). Defendant, however, is not entitled to the production of addresses or phone numbers of possible government witnesses. See United States v. Thompson, 493 F.2d 305, 309 (9th Cir. 1977), cert. denied, 419 U.S. 834 (1974). Defendant has already received access to the names of potential witnesses in this case in the investigative reports previously provided to him or her.

(6)  **Witnesses Not to Be Called.** The government is not required to disclose all evidence it has or to make an accounting to Defendant of the investigative work it has performed. Moore v. Illinois, 408 U.S. 786, 795 (1972); see United States v. Gardner, 611 F.2d 770, 774-775 (9th Cir. 1980). Accordingly, the government objects to any request by Defendant for discovery concerning any individuals whom the government does not intend to call as witnesses.

1    (7)    <u>Favorable Statements.</u>  The government has disclosed or will disclose the names of witnesses, if any, who have made favorable statements concerning Defendant which meet the requirements of <u>Brady</u>.

4    (8)    <u>Review of Personnel Files.</u>  The government has requested or will request a review of the personnel files of all federal law enforcement individuals who will be called as witnesses in this case for <u>Brady</u> material.  The government will request that counsel for the appropriate federal law enforcement agency conduct such review.  <u>United States v. Herring</u>, 83 F.3d 1120 (9th Cir. 1996); <u>see, also,</u> <u>United States v. Jennings</u>, 960 F.2d 1488, 1492 (9th Cir. 1992); <u>United States v. Dominguez-Villa</u>, 954 F.2d 562 (9th Cir. 1992).

Pursuant to <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) and <u>United States v. Cadet</u>, 727 F.2d 1452 (9th Cir. 1984), the United States agrees to "disclose information favorable to the defense that meets the appropriate standard of materiality . . ." <u>United States v. Cadet</u>, 727 F.2d at 1467, 1468.  Further, if counsel for the United States is uncertain about the materiality of the information within its possession in such personnel files, the information will be submitted to the Court for <u>in camera</u> inspection and review.

16    (9)    <u>Government Witness Statements.</u>  Production of witness statements is governed by the Jencks Act, 18 U.S.C. § 3500, and need occur only after the witness testifies on direct examination. <u>United States v. Taylor</u>, 802 F.2d 1108, 1118 (9th Cir. 1986); <u>United States v. Mills</u>, 641 F.2d 785, 790 (9th Cir. 1981)).  Indeed, even material believed to be exculpatory and therefore subject to disclosure under the <u>Brady</u> doctrine, if contained in a witness statement subject to the Jencks Act, need not be revealed until such time as the witness statement is disclosed under the Act.  <u>See</u> <u>United States v. Bernard</u>, 623 F.2d 551, 556-57 (9th Cir. 1979).

The government reserves the right to withhold the statements of any particular witnesses it deems necessary until after the witness testifies.  Otherwise, the government will disclose the statements of witnesses at the time of the filing of the government's trial memorandum, provided that defense counsel has complied with Defendant's obligations under Federal Rules of Criminal

1  Procedure 12.1, 12.2, and 16 and 26.2 and provided that defense counsel turn over all "reverse
2  Jencks" statements at that time.

### f. The Government Objects To The Full Production Of Agents' Handwritten Notes At This Time

Although the government has no objection to the preservation of agents' handwritten notes, it objects to requests for full production for immediate examination and inspection. If certain rough notes become relevant during any evidentiary proceeding, those notes will be made available.

Prior production of these notes is not necessary because they are not "statements" within the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a witness' assertions *and* they have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-607 (9th Cir. 1980); see also United States v. Griffin, 659 F.2d 932, 936-938 (9th Cir. 1981).

### g. All Investigatory Notes and Arrest Reports

The government objects to any request for production of all arrest reports, investigator's notes, memos from arresting officers, and prosecution reports pertaining to Defendant. Such reports, except to the extent that they include Brady material or the statements of Defendant, are protected from discovery by Rule 16(a)(2) as "reports . . . made by . . . Government agents in connection with the investigation or prosecution of the case."

Although agents' reports may have already been produced to the defense, the government is not required to produce such reports, except to the extent they contain Brady or other such material. Furthermore, the government is not required to disclose all evidence it has or to render an accounting to Defendant of the investigative work it has performed. Moore v. Illinois, 408 U.S. 786, 795 (1972); see United States v. Gardner, 611 F.2d 770, 774-775 (9th Cir. 1980).

//

//

1       h.     Expert Witnesses.

2 Pursuant to Fed. R. Crim. P. 16(a)(1)(G), at or about the time of filing its trial memorandum, the government will provide the defense with notice of any expert witnesses the testimony of whom the government intends to use under Rules 702, 703, or 705 of the Fed. R. of Evidence in its case-in-chief. Such notice will describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications. Reciprocally, the government requests that the defense provide notice of its expert witnesses pursuant to Fed. R. Crim. P. 16(b)(1)(C).

      i.     Information Which May Result in Lower Sentence.

Defendant has claimed or may claim that the government must disclose information about any cooperation or any attempted cooperation with the government as well as any other information affecting Defendant's sentencing guidelines because such information is discoverable under Brady v. Maryland. The government respectfully contends that it has no such disclosure obligations under Brady.

The government is not obliged under Brady to furnish a defendant with information which he already knows. United States v. Taylor, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986), cert. denied, 479 U.S. 1094 (1987); United States v. Prior, 546 F.2d 1254, 1259 (5th Cir. 1977). Brady is a rule of disclosure. There can be no violation of Brady if the evidence is already known to Defendant.

Assuming that Defendant did not already possess the information about factors which might affect their respective guideline range, the government would not be required to provide information bearing on Defendant's mitigation of punishment until after Defendant's conviction or plea of guilty and prior to his sentencing date. "No [Brady] violation occurs if the evidence is disclosed to the defendant at a time when the disclosure remains of value." United States v. Juvenile Male, 864 F.2d 641 (9th Cir. 1988).

**2.     Discovery Related to Immigration History**

Defendant has requested or may request additional discovery concerning any audio recording made of any hearing before an Immigration Judge ("deportation tape") and the Alien

1   Registration File ("A-File") associated with Defendant. The United States has requested or will
2   request any deportation tapes associated with Defendant and will produce them (if they exist) when
3   they arrive.

4   The United States objects to any request for discovery of Defendant's A-File. The
5   government is not aware of any controlling authority that stands for the proposition that the A-File
6   is generally discoverable. The A-File contains information that is not discoverable, such as
7   internal government documents and witness statements. See Fed. R. Crim. P. 16(a). Witness
8   statements would not be subject to production until *after* the witness testifies and a *motion* is made
9   by Defendant. See Fed. R. Crim. P. 26.2. Thus, the A-File associated with Defendant need not
10  be disclosed.

11  Defendant has claimed or may claim that the A-File must be disclosed because: (1) it may
12  be used in the United States' case-in-chief; (2) it material to his or her defense; and/or (3) it was
13  obtained from or belongs to him or her. The United States will turn over documents it intends to
14  use in its case-in-chief. Evidence is material under Brady only if there is a reasonable probability
15  that had it been disclosed to the defense, the result of the proceeding would have been different.
16  United States v. Antonakeas, 255 F.3d 714, 725 (9th Cir. 2001). However, Defendant has not
17  shown how documents in the A-File that have not already been disclosed are in any way material.
18  Finally, Defendant does not own the A-File. It is an agency record.

19  That all said, should the Court order disclosure of the A-File, the United States will comply
20  as it does in other cases.

21  **B.   NO OPPOSITION TO LEAVE TO FILE FURTHER MOTIONS**

22  The United States does not object to the granting of leave to allow Defendant to file further
23  motions, as long as the order applies equally to all parties and additional motions are based on
24  newly discovered evidence or discovery provided by the United States subsequent to the instant
25  motion at issue.
26  //
27
28                                           11                           08CR1002-L

## IV

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that Defendant's motions, except where not opposed, be denied.

DATED: May 12, 2008.

                              Respectfully submitted,

                              KAREN P. HEWITT
                              United States Attorney

                              <u>s/ William A. Hall, Jr.</u>
                              WILLIAM A. HALL, JR.
                              Assistant United States Attorney